JOHN W. BERRY (Cal. Bar. No. 295760)
Email: berryj@sec.gov
ANSU N. BANERJE (D.C. Bar No. 440660)
Email: banerjeea@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
John W. Berry, Regional Trial Counsel
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

JS-6

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### Western Division

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>JILBERT TAHMAZIAN, ESQ.,<br><br>Defendant. | Case No. 2:16-CV-954-MWF<br><br>**FINAL JUDGMENT AS TO DEFENDANT JILBERT TAHMAZIAN** |

The Securities and Exchange Commission ("SEC") having filed a Complaint and Defendant Jilbert Tahmazian ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the First Amended Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph XVI); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section

1  10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. §
2  78j(b)] and Rule 10b-5(a) and (c) promulgated thereunder [17 C.F.R. § 240.10b-5],
3  by using any means or instrumentality of interstate commerce, or of the mails, or of
4  any facility of any national securities exchange, in connection with the purchase or
5  sale of any security:

6      (a)    to employ any device, scheme, or artifice to defraud; or

7      (b)    to engage in any act, practice, or course of business which operates or
8  would operate as a fraud or deceit upon any person.

9      IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, as provided
10 in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the
11 following who receive actual notice of this Final Judgment by personal service or
12 otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and
13 (b) other persons in active concert or participation with Defendant or with anyone
14 described in (a).

15                                           II.

16     IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that
17 Defendant is permanently restrained and enjoined from violating Section 17(a)(1) and
18 17(a)(3) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in
19 the offer or sale of any security by the use of any means or instruments of
20 transportation or communication in interstate commerce or by use of the mails,
21 directly or indirectly:

22     (a)    to employ any device, scheme, or artifice to defraud; or

23     (b)    to engage in any transaction, practice, or course of business which
24 operates or would operate as a fraud or deceit upon the purchaser.

25     IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, as provided
26 in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the
27 following who receive actual notice of this Final Judgment by personal service or
28 otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and

1  (b) other persons in active concert or participation with Defendant or with anyone
2  described in (a).

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that Defendant is permanently restrained and enjoined from violating Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise; or

(b) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the SEC as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that Defendant is liable for disgorgement of $40,000, representing profits gained as a result of the conduct alleged in the First Amended Complaint, together with

1  prejudgment interest thereon in the amount of $6,524, and a civil penalty in the
2  amount of $150,000 pursuant to Section 20(d) of the Securities Act and Section
3  21(d)(3) of the Exchange Act.  Defendant shall satisfy this obligation by paying
4  $196,524 to the Securities and Exchange Commission pursuant to the terms of the
5  payment schedule set forth in paragraph V below after entry of this Final Judgment.
6        Defendant may transmit payment electronically to the SEC, which will provide
7  detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made
8  directly from a bank account via Pay.gov through the SEC website at
9  http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified
10 check, bank cashier's check, or United States postal money order payable to the
11 Securities and Exchange Commission, which shall be delivered or mailed to
12        Enterprise Services Center
13        Accounts Receivable Branch
14        6500 South MacArthur Boulevard
15        Oklahoma City, OK 73169
16  and shall be accompanied by a letter identifying the case title, civil action number,
17 and name of this Court; Jilbert Tahmazian as a defendant in this action; and
18 specifying that payment is made pursuant to this Final Judgment.  Defendant shall
19 simultaneously transmit photocopies of evidence of payment and case identifying
20 information to the SEC's counsel in this action.  By making this payment, Defendant
21 relinquishes all legal and equitable right, title, and interest in such funds and no part
22 of the funds shall be returned to Defendant.  The SEC shall send the funds paid
23 pursuant to this Final Judgment to the United States Treasury.  The SEC may enforce
24 the Court's judgment for disgorgement and prejudgment interest by moving for civil
25 contempt (and/or through other collection procedures authorized by law) at any time
26 after 14 days following entry of this Final Judgment].  Defendant shall pay post
27 judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.
28 ///

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that Tahmazian shall pay the total of disgorgement, prejudgment interest, and penalty due of $196,524 in four installment payments according to the following schedule:  (1) an initial payment of $50,000 within 14 days of entry of this Final Judgment; (2) a second payment of $50,000 within 180 days of entry of this Final Judgment; (3) a third payment of $50,000 within 270 days of entry of this Final Judgment; and (4) a fourth and final payment of $46,524 within 330 days of entry of this Final Judgment. Payments shall be deemed made on the date they are received by the SEC and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 14 days of the entry of Final Judgment.  Prior to making the final payment set forth herein, Tahmazian shall contact the staff of the SEC for the amount due for the final payment.  If Tahmazian fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the SEC without further application to the Court.

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest,

civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

## VIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: August 26, 2016

_____
HONORABLE MICHAEL W. FITZGERALD
UNITED STATES DISTRICT JUDGE